TAMARA W. ASHFORD
Acting Assistant Attorney General

RICHARD A. SCHWARTZ
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-6322
Facsimile: (202) 307-0054
Email: Richard.A.Schwartz@usdoj.gov
Western.Taxcivil@usdoj.gov

*Attorneys for the United States of America*

KAREN L. LOEFFLER
United States Attorney
District of Alaska
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **COMPLAINT TO REDUCE TAXES** |
| v. ) | **TO JUDGMENT AND FORECLOSE** |
| ) | **FEDERAL TAX LIENS** |
| NORTH MAIL, INC., ) | |
| GEORGE O'BRIEN, ) | |
| COLLEEN VAN VLEET, and ) | |
| THE MUNICIPALITY OF ANCHORAGE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

1. This is a civil action brought by the United States of America to reduce to judgment federal tax assessments against defendant North Mail, Inc. and foreclose federal tax liens against certain real property.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a

1

delegate of the Secretary of the Treasury, pursuant to Sections 7401 and 7403 of the Internal Revenue Code (IRC) of 1986 (26 U.S.C.).

3. The Court has jurisdiction over this action pursuant to IRC § 7402 and Sections 1340 and 1345 of Title 28, United States Code.

4. Venue is proper in the District of Alaska pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendant North Mail, Inc. conducts business in this judicial district and the real property which the United States seeks to foreclose is located in this judicial district.

## DEFENDANTS

5. Defendant North Mail, Inc. (hereafter "North Mail") was incorporated as a corporation in Alaska on or around November 29, 1989.

6. North Mail's principal place of business was in Anchorage, Alaska, within this judicial district.

7. Defendant George O'Brien is named as a defendant in this action because he may claim an interest in the real property that is the subject of this action.

8. Defendant Colleen Van Vleet is named as a defendant in this action because she may claim an interest in the real property that is the subject of this action.

9. Defendant Municipality of Anchorage, Alaska is named as a defendant in this action because it may claim an interest in the real property that is the subject of this action.

## THE SUBJECT PROPERTY

10. The parcel of real property that is the subject of the action is located at 5720 B Street, Anchorage, Alaska and is legally described as follows:

> Lot 5, "B" Street Industrial Center, according to the official plat thereof, filed under Plat Number 78-56, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

Subject to: Reservations, Restrictions, Easements, Covenants, Declarations and Rights of Way or record, if any.

(hereafter "subject property").

## NORTH MAIL'S FEDERAL TAX LIABILITIES

11. When North Mail was established in 1989, Kenneth O'Brien was its President and Dennis O'Brien was its Vice President.

12. While it was operating, Defendant North Mail engaged primarily in a mailing business, which provided sales and services of mailing equipment.

13. While it was operating, North Mail had employees.

14. Upon information and belief, on or around October 9, 2002, Kenneth O'Brien passed his share of ownership in North Mail to his children, Dennis O'Brien, George O'Brien, and Colleen Van Vleet.

15. Upon information and belief, on or around October 9, 2002, Dennis O'Brien was President of North Mail and owned 9% of the shares of stock of North Mail.

16. Upon information and belief, on or around October 9, 2002, George O'Brien was Vice President of North Mail and owned 1% of the shares of stock of North Mail.

17. Upon information and belief, on or around October 9, 2002, Colleen Van Vleet was Secretary and Treasurer of North Mail and owned 90% of the shares of stock of North Mail.

18. Under 26 U.S.C. §§ 3102 and 3402, North Mail, as employer, was required to withhold federal income taxes and Federal Insurance Contribution Act (FICA) taxes from its employees' wages.

19. Under 26 U.S.C. § 7501, North Mail, as employer, was required to hold in trust for the United States the withholdings described in the previous paragraph.

20. Under 26 U.S.C. § 3111, North Mail, as employer, was required to pay a FICA excise tax on its employees' wages.

21. Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, North Mail, as employer, is required to file Form 941 quarterly employment tax returns. These returns are required to report the amounts of income and FICA taxes withheld from North Mail's employees' wages, as well as North Mail's own FICA taxes. The returns must be filed by the last day of the first month following the end of the tax period.

22. Under 26 U.S.C. §§ 3301, North Mail, as employer, was required to pay a Federal Unemployment Tax Act (FUTA) excise tax on its employees' wages.

23. Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-3 and 31.6071(a)-1, North Mail, as employer, was required to file Form 940 annual employment tax returns. These returns are required to report the amount of North Mail's FUTA tax for the preceding year. The returns must be filed by the last day of January of the following year.

24. Under 26 U.S.C. § 6151 and 26 C.F.R. § 31.6151-1, North Mail, as employer, is required to pay any balance shown on an employment tax return without assessment, or notice and demand, from the IRS. They are required to pay the balance no later than the due date of the return.

25. North Mail had the legal duties described in paragraphs 18 to 24 since it began operating.

## TRANSFERS OF THE SUBJECT PROPERTY

26. Defendant North Mail purchased the subject property as part of a 26 U.S.C. § 1031 tax deferred exchange from Chandler Corporation by Statutory Warranty Deed on March 19, 1998.

27. On May 26, 2011, North Mail purported to transfer its interest in the subject property by a "Statutory Warranty Deed" to Defendants George O'Brien and Colleen Van Vleet, as tenants in common.

28. The Statutory Warranty Deed identified in paragraph 27 above purported to transfer the subject property subject to "real property taxes owed to the Municipality of Anchorage and alien held by the Internal Revenue Service in the amount of $72,579.35."

29. Upon information and belief, Defendants George O'Brien and Colleen Van Vleet purported to tender their shares of North Mail as consideration for the transfer described in paragraph 27.

30. Upon information and belief, the value of the subject property exceeded the amount of consideration exchanged in connection with the transfer described in paragraph 27.

31. Upon information and belief, North Mail, Colleen Van Vleet, and Dennis O'Brien had been in contact with an employee or employees of the Internal Revenue Service regarding North Mail's outstanding federal tax liabilities prior to the transfer described in paragraph 27.

32. Upon information and belief, the transfer described in paragraph 27 was made at a time that North Mail was insolvent or such transfer rendered North Mail insolvent.

33. Upon information and belief, North Mail had little to no assets other than the subject property at the time of the transfer described in paragraph 27, above. Thus, the transfer described in paragraph 27, above, constituted a transfer of substantially all of North Mail's property.

34. Upon information and belief, North Mail continued to operate on the premises of the subject property until September 9, 2011.

35. The transfer described in paragraph 27, above, hindered the Internal Revenue Service from collecting North Mail's outstanding federal tax liabilities.

# FIRST CLAIM FOR RELIEF:
# REDUCE INCOME TAX ASSESSMENTS
# AGAINST NORTH MAIL, INC. TO JUDGMENT

36. The United States incorporates by reference the allegations contained in paragraphs 1 through 35, above, as if fully set forth here.

37. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against North Mail for federal employment taxes (Form 941), federal unemployment taxes (Form 940), federal income taxes (Form 1120), penalties, and other statutory additions for the below listed tax periods:

| Tax Form | Tax Period Ending | Date of Assessment | Assessed and unpaid tax, penalties and interest | Accrued interest and penalties as of August 4, 2014 | Total* |
|---|---|---|---|---|---|
| 941 | 09/30/2010 | 01/31/2011 | $62,049.94 | $5,975.38 | $60,614.66 |
| 941 | 12/31/2010 | 05/09/2011 | $95,605.52 | $44,062.81 | $139,668.33 |
| 940 | 12/31/2010 | 05/16/2011 | $66,325.22 | $42,625.88 | $108,951.10 |
| 1120 | 12/31/2007 | 04/15/2013 | $1,676,665.00 | $1,442,013.00 | $3,118.678.00 |
| 1120 | 12/31/2008 | 04/15/2013 | $1,888,904.00 | $1,437,103.02 | $3,326,007.02 |
| 1120 | 12/31/2009 | 04/15/2013 | $1,519,171.00 | $1,118,345.65 | $2,637,516.65 |
| Civil Penalty pursuant to 26 U.S.C. § 6721(e) | 12/31/2008 | 01/02/2012 | $105,840.51 | $8,498.51 | $114,339.02 |
| **TOTAL AMOUNT DUE** | | | | | $9,505,770.78 |

*Plus additional statutory interest and penalties accruing from August 4, 2014 until payment.

38. Timely notice of and demand for payment of the assessments set forth in paragraph 37, above, has been made upon North Mail as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

39. Despite notice and demand for payment of the assessments set forth in paragraph 37, above, North Mail has neglected, refused, or failed to pay the tax assessments against it and, with application of credits and plus accrued statutory interest and other statutory additions as provided by law, as of August 4, 2014, there remains due and owing to the United States on those assessments the total sum of $9,505,770.78

## SECOND CLAIM FOR RELIEF:
## SET ASIDE THE TRANSFER OF THE SUBJECT PROPERTY

40. The United States incorporates by reference the allegations contained in paragraphs 1 through 39, above, as if fully set forth here.

41. The transfers of the assets described above were intended by the North Mail, Dennis O'Brien, George O'Brien and/or Colleen Van Vleet to hinder, delay or defraud the United States of America of present and future lawful taxes; therefore, the transfers were and are fraudulent and of no effect as to the United States.

42. The transfers of the assets and operations described above were made without the exchange of reasonably equivalent value and left North Mail with remaining assets which were unreasonably small or insufficient to pay its current and future debts, including their lawful tax liabilities; therefore, the transfers were and are fraudulent and of no effect as to the United States.

43. The transfers of the assets and operations described above were made without the exchange of reasonably equivalent value and during a period when North Mail intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they came due; therefore, the transfers were and are fraudulent and of no effect as to the United States.

44. The transfers of the assets and operations described above were made without the exchange of reasonably equivalent value and rendered North Mail insolvent; therefore the transfers were and are fraudulent and of no effect as to the United States.

### THIRD CLAIM FOR RELIEF:
### FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

45. The United States incorporates by reference the allegations contained in paragraphs 1 through 44, above, as if fully set forth here.

46. On or about February 28, 2011, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for its federal employment tax liabilities (Form 941) for the tax period ending September 30, 2010.

47. On or about June 3, 2011, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for its federal employment tax liabilities (Form 941) for the tax period ending December 31, 2010.

48. On or about June 3, 2011, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for its federal employment tax liabilities (Form 941) for the tax period ending December 31, 2010.

49. On or about June 13, 2011, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for its federal unemployment tax liabilities (Form 940) for the tax period ending December 31, 2010.

50. On or about February 6, 2012, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for a civil tax penalty pursuant to 26 U.S.C. § 6721(e) for the tax period ending December 31, 2008.

51. On or about May 6, 2013, a delegate of the Secretary of Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien against North Mail, Inc. for its federal income tax liabilities (Form 1120) for the tax years 2007, 2008, and 2009.

52. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States on the dates of assessments set forth in paragraph 37 above and attached to all property, whether real or personal, belonging to defendant North Mail, including the subject property.

53. The United States is entitled to foreclose its federal tax liens on the subject property.

WHEREFORE, the plaintiff United States requests entry of judgment in its favor as follows:

(a) That the Court enter judgment against North Mail, Inc. and in favor of the United States in the amount of $9,505,770.78, plus interest, penalties and other additions as provided by law from August 4, 2014, less any credits for payments for unpaid federal employment taxes (Form 941) for the tax periods ending September 30, 2010 and December 31, 2010 for unpaid federal unemployment taxes (Form 940) for the tax period ending December 31, 2010 and for federal income taxes (Form 1120) for the 2007, 2008, and 2009 tax years;

(b) That the Court determine that the transfer described in paragraph 27, above, was fraudulent as to the United States, that it should be set aside, and disregard the purported interest of Colleen Van Vleet and/or George O'Brien in said property;

(c) That the Court determine that the United States has valid and subsisting federal tax liens on all property and rights to property of defendant North Mail, Inc. including the subject property described in paragraph 10, above;

(d) That the federal tax liens against North Mail, Inc. be foreclosed against the real property described in paragraph 10, that the real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

(e) That to the extent proceeds from the sale of the real property distributed to the United States fail to satisfy the tax liens against defendant North Mail, Inc., a deficiency judgment in that amount be entered against the defendant; and

(f) That the United States be awarded its costs and such other further relief as is just and proper.

Respectfully submitted this 24th day of July, 2014.

> TAMARA W. ASHFORD
> Acting Assistant Attorney General
>
> /s/ Richard A. Schwartz
> RICHARD A. SCHWARTZ
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Ben Franklin Station, P.O. Box 683
> Washington, D.C. 20044
> Telephone: (202) 307-6322
> Facsimile: (202) 307-0054
> Email: Richard.A.Schwartz@usdoj.gov
> Western.Taxcivil@usdoj.gov
>
> Attorneys for the United States of America
>
> KAREN L. LOEFFLER
> United States Attorney
> District of Alaska
> *Of Counsel*