# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | |
|     Plaintiff, | 3:14-cv-00142 JWS |
|     vs. | ORDER AND OPINION |
| North Mail, Inc., *et al.*, | [Re: Motion at Docket 32] |
|     Defendants. | |

## I. MOTION PRESENTED

At docket 32 plaintiff the United States of America ("the United States") moves for a partial default judgment against defendant North Mail, Inc. ("North Mail") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Defendants George O'Brien and Colleen Van Vleet (collectively, "O'Brien & Van Vleet") oppose at docket 35. The United States replies at docket 36. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The United States' complaint includes three claims. Claim One is to reduce to judgment federal tax assessments against North Mail; Claim Two is to set aside North Mail's transfer of real property to O'Brien & Van Vleet; and Claim Three is to foreclose federal tax liens against that same real property. At docket 20 the court granted the

United States' motion to serve North Mail by posting on the Alaska Court System's legal website. After the United States completed service on North Mail in this manner on January 9, 2015,[1] a Clerk's Entry of Default was entered against North Mail.[2]

The United States now moves for a partial default judgment against North Mail as to Claim One only.

### III. STANDARD OF REVIEW

Rule 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." "Upon entry of a default by the clerk, the well-pleaded allegations in the complaint are deemed admitted."[3] Following the entry of a clerk's default, Rule 55(b)(2) provides that the plaintiff must apply to the court for a default judgment. "In determining the amount of damages to be awarded, the district court may conduct an evidentiary hearing or it may, in appropriate circumstances, rely on detailed declarations or documentary evidence."[4]

Although default judgments are ordinarily disfavored,[5] "the grant or denial of a motion for the entry of a default judgment is within the discretion of the court."[6] In exercising this discretion, courts may consider the following factors:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;

---

[1]See also Doc. 23.

[2]Doc. 27.

[3]Buckley v. Paperboy Ventures, LLC, 869 F. Supp. 2d 9, 11 (D.D.C. 2012). See also Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

[4]Buckley, 869 F. Supp. 2d at 11.

[5]See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985).

[6]Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956).

(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[7]

## IV. DISCUSSION

The two questions presented here are whether a default judgment should be entered against North Mail on Claim One and, if so, whether the United States has established its damages. As to the former question, O'Brien & Van Vleet argue that a default judgment is unwarranted due to North Mail's excusable neglect or ignorance because "service on North Mail was done solely through posting on the Alaska Court System's legal website," and therefore "it seems unlikely that North Mail has any actual knowledge of this suit's existence."[8] This argument lacks merit; the United States properly effectuated service.[9] The United States is entitled to a default judgment on Claim One for the reasons stated in the United States' motion.

As to the question of the United States' damages, the United States requests an award of $9,642,905.91, plus further accrued penalties and interest accruing after March 13, 2015, which represents North Mail's "unpaid balance of federal taxes, penalties, interests, and other statutory additions for Form 941 liabilities for the 09/30/2010 and 12/31/2010 tax periods, for Form 940 liabilities for the 2010 tax period, and Form 1120 liabilities for the 2007, 2008, and 2009 tax periods, as of March 13, 2015."[10] The United States supports this calculation with the declaration of Maria C. Haydn ("Haydn"), a Revenue Officer/Advisor of the Small Business/Self-Employed

---

[7]*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26).

[8]Doc. 35 at 2.

[9]*See Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) ("Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected."); AK R. Civ. P. 4(e).

[10]Doc. 32-1 at 2.

-3-

Division of the Internal Revenue Service ("IRS"). Haydn states that North Mail's Form 941 liability is based on the tax liabilities reported by North Mail on their Form 941 returns; North Mail's Form 940 liability is also based on North Mail's Form 941 return; and North Mail's Form 1120 liability is based on Form 1120 tax returns for 2007, 2008, and 2009 prepared by the IRS (because North Mail did not file these returns). To prepare these three returns, the IRS used information from the following sources: (1) bank deposit data obtained from summons issued to Northrim Bank and Alaska USA Federal Credit Union; (2) data from Forms 1099-INT submitted to the IRS by third parties that show North Mail's interest income information; (3) data from Forms 1099-MISC submitted to the IRS by third parties that show North Mail's non-employee compensation; and (4) Forms W-2, 940 and 941, which show wages, salaries, and federal employee taxes paid by North Mail.

Attached to Haydn's declaration are six Certificates of Assessments, Payments, and Other Specified Matters (IRS Form 4340) for the tax periods at issue.[11] Absent evidence to the contrary, these Form 4340s establish that the assessments indicated therein were actually made.[12] Also attached to Haydn's declaration are breakdowns of North Mail's tax deficiencies generated by the IRS's Integrated Data Retrieval System ("IDRS"). These breakdowns show that, as of March 13, 2015, North Mail's balance equaled $9,642,905.91.[13]

O'Brien & Van Vleet object to the United States' calculation of North Mail's Form 1120 liability because the only proof of North Mail's income for those three years comes

---

[11]Doc. 33-2.

[12]See Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992) ("Because Form 4340 is an official document which establishes that assessments were made, and because the Hugheses have presented no contrary evidence indicating that assessments were not made, the Hugheses' argument fails.").

[13]See Doc. 33-1 at 2, 9, 12, 15, 19, 22.

from "printouts."[14] For the reasons stated by the United States in reply, this argument lacks merit.

### V. CONCLUSION

Based on the preceding discussion, it is hereby **ORDERED AND ADJUDGED** that judgment is entered in favor of the United States and against North Mail, Inc. in the amount of $9,642,905.91 for the unpaid balance of federal taxes, penalties, interest, and other statutory additions for Form 941 liabilities for the 09/30/2010 and 12/31/2010 tax periods, for Form 940 liabilities for the 2010 tax period, and Form 1120 liabilities for the 2007, 2008, and 2009 tax periods, as of March 13, 2015, plus further accrued penalties and interest accruing after March 13, 2015, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until judgment is paid in full.

DATED this 7th day of April 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[14]Doc. 35 at 2-3.